Kenneth STEVENS, Plaintiff,

v.

EMPLOYER TEAMSTER JOINT COUNCIL NO. 84 PENSION FUND and Central States Southeast and Southwest Areas Pension Fund, Defendants.

Civ. No. C–1–88–0862.

United States District Court,
S.D. Ohio, W.D.

Aug. 22, 1990.

See also 711 F.Supp. 384.

Konrad Kuczak, Dayton, Ohio, for plaintiff.

John Doll, Dayton, Ohio, Joan Simmons, Rosemont, Ill., for defendants.

## FINDINGS OF FACT, OPINION AND CONCLUSIONS OF LAW

CARL B. RUBIN, District Judge.

This matter is before the Court after hearing and presentation of evidence and testimony on July 16, 1990. Plaintiff seeks a combined pension from both Defendants and asserts that he has met all of the requirements therefore. Defendants have denied that Plaintiff is entitled to a pension. In accordance with Rule 62, Fed.R. of Civ.P., the Court does submit herewith its Findings of Fact, Opinion and Conclusions of Law.

### I. FINDINGS OF FACT

1. Plaintiff Kenneth D. Stevens was a member of the Teamsters Union from 1958 through 1979 (Pltf. Ex. 13). In February, 1958, Plaintiff began an association with Beatty Motor Express as an "owner-operator" and joined the Teamsters Union at that time.

2. An owner-operator is a person who owns his own tractor and uses it to haul freight in trailers belonging to his employer or under their control. An owner-operator receives approximately 60% of the gross freight hauling charge in lieu of a salary. At all times pertinent herein an owner-operator was subject to control by his employer, could not use his tractor for any other purpose, could not haul independently and was subject to the appropriate terms of Collective Bargaining Agreements entered into by his employer with the Teamsters Union.

3. It is undisputed that Plaintiff had credited service from May 1, 1958, to April 1, 1961, and from 66, to January 1, 1975, with the Employer's Teamsters Joint Council No. 84 Pension Fund [84 Fund] (Pltf. Ex. 54). There is likewise no dispute that Plaintiff had credited service with the Central States Pension Fund [Central states Fund] for the years 1975, 1976, 1977, and 1978 (Pltf. Ex. 56). The disputed credited services involves period between April 1, 1961, and May 1, 1966.

4. The 84 Fund and the Central States Fund have reciprocal agreements. Service

under one plan may be joined to service under the other and they will pay to an eligible pensioner their proportionate shares in one check. Central States Fund has not disputed that Plaintiff has credit for four years under its fund (Pltf. Ex. 56).

5. The dispute in this matter concerns the status of Plaintiff between the periods of April 1, 1961, and April 1, 1966. There is evidence that the report and remittance form prescribed by the Employers Teamsters Joint Council No. 84 was filled out during the period prior to April 1, 1961, and listed Kenneth Stevens as an employee (Pltf. Ex. 110). Beginning, however, with April 1, 1961, that form excludes Plaintiff from the list of employees (Pltf. Ex. 111). On that exhibit it appears that Plaintiff's name has been crossed out. Plaintiff next appears on the report and remittance fund for the period beginning April, 1966, with the notation "Employment Date: 4/1/66" (Pltf. Ex. 171).

6. Two forms entitled "Employee Enrollment and Ledger Card" were presented in evidence. One was dated June 13, 195_ (Pltf. Ex. 8) and the other dated 2/25/58 (Pltf. Ex. 13). Both refer to a "Certificate No. 8309." Plaintiff's Exhibit 8 refers to Local Union 789 and Plaintiff's Exhibit 13 refers to Local Union 913. There is no evidence that an additional form was filled out by the Plaintiff in 1966 [1] when he reappears upon the Report and Remittance form with the notation "Employment Date: 4/1/66" (Pltf. Ex. 34).

7. The records of the Department of Health and Human Services, Social Security Administration, do indicate that payments were made on Plaintiff's behalf from 1958 through 1976 (Pltf. Ex. 79). Form SSA–1826 (3–80) is entitled "Itemized Statement of Earnings." The form contains the following statement, "Shown below are the source and amounts of earnings now recorded under Social Security No. 235–34–3551 for January, 1940 through December, 1976." [2] (emphasis added). This form identifies the source of social security payments from 1958 through the first quarter of 1969 as "25–0954450 Beatty Motor Express, Inc., P.O. Box 6, Knox, Pennsylvania 16232." The form likewise identifies the payer of social security from the second quarter of 1969 through the fourth quarter of 1976 as "23–1578907 Womeldorf, Inc., P.O. Box 6, Knox, Pennsylvania 16232." Testimony presented before the Court disclosed that Womeldorf, Inc. purchased Beatty Motor Express, Inc. in 1969.

8. The evidence by plaintiff that he was an employee of Beatty Motor Express, Inc. during the critical period and the evidence of the Social Security Administration were met only at trial by the statements of witness Addison Chappel. Mr. Chappel asserted that in accordance with the Master Freight Agreements of 1961 and 1963 owner-operators were issued one check for their share of the haulage fee and employees were issued two checks, one for salary and the other for expenses. This evidence might bear on whether or not Plaintiff was an employee. The Court requested that such Master Freight Agreements be submitted in order to determine whether they so provided and defendants failed to do so. In the absence of such Agreements, the Court will disregard that testimony.

## II. OPINION

An analysis of the evidence in this case convinces the Court that the Plaintiff has prevailed by the required preponderance of the evidence. It must be borne in mind that the ability in 1990 to prove events that occurred from 1961 to 1966 is extremely difficult. At no time did the defendants ever advise Plaintiff that he had a break in service and enable an inquiry to be made into that issue at a time when the difficulties of proof would have been substantially less. The most significant evidence presented in this case is Plaintiff's Exhibit 79, more fully described in Finding of Fact 7. It is independent and impersonal sup-

---

1. Upon specific inquiry by the Court after trial all parties conceded that no such "Employee Enrollment & Ledger card" existed.

2. It is admitted by all parties that Social Security No. 235–34–3551 was issued to Plaintiff Kenneth Stevens.

port of his position by an agency of the United States.

In accordance with the foregoing, the Court finds that Plaintiff is entitled to a pension and the Defendants herein are directed to commence paying such pension beginning with the application therefor as alleged in paragraph 12 of the Second Amended Complaint of Plaintiff herein.

### III.  CONCLUSIONS OF LAW

A.  This Court has jurisdiction pursuant to 29 U.S.C. § 185(a).

B.  Where a plaintiff has by a preponderance of the evidence proved an entitlement to a pension by complying with the requirements therefor, such pension should be issued retroactively to the date of application.

C.  Money that should have been paid and has not been paid to the Plaintiff will bear interest at the rate calculated in accordance with 28 U.S.C. § 1961.

D.  In accordance with Conclusions of Law A, B and C, the Defendants herein are directed forthwith to pay to Plaintiff a sum equal to the arrearage of his pension rights as determined herein together with interest thereon and to pay such pension periodically in the future as set forth in such pension agreements.

LET JUDGMENT ISSUE IN ACCORDANCE WITH THE FOREGOING.

IT IS SO ORDERED.